GLADYS O'CONNOR, Plaintiff, *v.* DONALD O'CONNOR, Defendant.

Supreme Court, Special Term, Suffolk County, February 13, 1967.

*Frank R. McGlynn* for plaintiff. *Meyer & Wexler* for defendant.

JACK STANISLAW, J. In this action for partition plaintiff, the former spouse of the defendant, moves for summary judgment. The moving papers convincingly demonstrate the absence of any triable issue of fact as might possibly arise by reason of defendant's denials of allegations of the complaint.

Defendant's opposition, so far as relevant, notes an affirmative defense raised, that the court is without jurisdiction because of improper or ineffective substituted service (CPLR 308, subd. 3). It is claimed that the evidence upon which substituted service was based is insufficient to warrant its utilization.

Substituted service is permitted when personal service "cannot be made with due diligence". The efficacy of defendant's opposition is dependent upon the showing made by plaintiff to establish personal service diligently but unsuccessfully attempted.

Defendant's residence and place of business are both in the Town of Smithtown. An initial attempt to serve defendant at his residence was to no avail. That residence is a 16-family garden apartment unit, and defendant's particular location therein was not listed or otherwise known. Service was then tried at his conceded and known place of business. On six different occasions within a span of 16 days, at varying hours of the day and night, service failed because defendant was not present. A "business address" neighbor confirmed the location of the defendant's business but also indicated he was rarely in.

Just what due diligence is necessary before resort may be had to substituted service will vary with the facts of each case (see 40 St. John's L. Rev., p. 139). In this instance, contrary to defendant's assertion the inability to serve him at his place of business did, in our opinion, justify substituted service. To the extent that defendant's residence could not be precisely ascertained within a multiple family dwelling any attempts to serve him personally there would have been an exercise in comparative probable futility, indicative of something less than due diligence and even not very reasonable with defendant's known business address available.

Defendant was properly served so as to afford the court jurisdiction to grant the motion for summary judgment.